IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUBERT JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-125J |
| | ) | District Judge Joy Flowers Conti/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ERIC TICE, | ) | Re:  ECF No. 3 |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Hubert Jackson ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset").  On July 22, 2021, Petitioner submitted a self-styled "Petition Under 28 U.S.C. § 2241(c)(3) for a Writ of Habeas Corpus ad Subjiciendum" (the "Petition"), in which he ostensibly seeks habeas relief pursuant to 28 U.S.C. § 2241.  ECF No.1.

This case was referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and 72.D.

On August 17, 2021, the Magistrate Judge issued a Report and Recommendation (the "Report"), ECF No. 3, recommending that the Petition be treated as a Section 2254 Petition, and dismissed pre-service pursuant to Rule 4 of the Rules Governing Section 2254 Cases as a second-or-successive Section 2254 Petition over which this court lacked jurisdiction.  In the Report, the Magistrate Judge cited to one of Petitioner's prior habeas cases, Jackson v. Tice, No. 20-1387 (W.D. Pa. filed Sept. 15, 2020), which had been filed as Section 2241 Petition, but was properly construed as a second-or-successive Section 2254 Petition, and dismissed for lack of jurisdiction.

ECF No. 3 at 1-2.

Petitioner timely filed objections pursuant to the "Prison Mailbox Rule." ECF No. 4. Petitioner also filed correspondence in which he submits arguments why the Petition should not be construed as a second-or-successive habeas petition under Section 2254. ECF No. 2. Neither of these filings provides any meritorious basis for this court to assert jurisdiction over the present Petition, which attacks the same criminal convictions that were at issue in prior petitions, and for which filing Petitioner has not received authorization from the United States Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(3)(A). Petitioner is well-aware of the requirement that he do so prior to attacking his convictions again in this Court.[1] See, e.g., No. 20-1387, ECF No. 6.

After careful *de novo* review of the Report, the objections, and the record in these proceedings, the Petition will be dismissed pre-service, and a certificate of appealability will be denied.

An appropriate order will be entered.

Date: October 19, 2021  BY THE COURT

*/s/  Joy Flowers Conti*
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is cautioned that, by presenting this court with a Petition that he knows to be frivolous because jurisdiction is improper, he exposes himself to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants, as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D.Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D.Del. Dec 12, 2003)).

cc:    The Honorable Maureen P. Kelly
       United States Magistrate Judge

       Hubert Jackson
       AJ2373
       SCI Somerset
       1600 Walters Mill Road
       Somerset, PA 15510