## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT JACKSON,             )
                             )
          Petitioner,      )     Civil Action No. 21-125J
                             )     District Judge Joy Flowers Conti/
          v.           )     Magistrate Judge Maureen P. Kelly
                             )
ERIC TICE,                 )
                             )
          Respondent.    )

## <u>MEMORANDUM OPINION</u>

Hubert Jackson ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset"). On July 22, 2021, Petitioner submitted a self-styled "Petition Under 28 U.S.C. § 2241(c)(3) for a Writ of Habeas Corpus ad Subjiciendum" (the "Petition"), in which he ostensibly sought habeas relief pursuant to 28 U.S.C. § 2241. ECF No. 1.

On August 17, 2021, the magistrate judge issued a Report and Recommendation, recommending that the Petition be treated as arising under Section 2254, and dismissed pre-service pursuant to Rule 4 of the Rules Governing Section 2254 Cases as a second or successive Section 2254 Petition over which this court lacked jurisdiction. ECF No. 3. On October 19, 2021, the undersigned adopted the Report and Recommendation, as supplemented by a Memorandum Order, ECF No. 5, over Petitioner's timely-filed Objections, ECF No. 4, and dismissed the Petition. ECF No. 6.

On December 9, 2021, Petitioner filed the self-styled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(4)." ECF No. 7. While not a model of clarity, a fair reading of this motion is that Petitioner would have this court reconsider its prior decision and allow his Petition to proceed.

Rule 60(b) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order or proceeding. It does not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Parker v. Hendricks, No. CV 03-0914, 2016 WL 1060413, at *2 (D.N.J. Mar. 17, 2016) (internal quotes and citation omitted). Circumstances warranting 60(b) relief will "rarely occur in the habeas context[.]" Cox v. Horn, 757 F.3d 113, 123 (3d Cir. 2014).

Here, Petitioner does nothing more that rehash arguments previously raised in his Objections and rejected by this court. See Balter v. United States, 410 F. App'x 428 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions). Further, Petitioner provided no authorization from the United States Court of Appeals for the Third Circuit that would allow this court to exercise jurisdiction. Accordingly, relief under Rule 60(b)(4) or any other subsection of Rule 60 is not warranted and will be denied.

Additionally, a certificate of appealability will be denied, as jurists of reason could not debate that Petitioner is not entitled to relief under Rule 60(b).  <u>See, e.g.</u>, <u>Bracey v. Super't Rockview SCI</u>, 986 F.3d 274, 283 (3d Cir. 2021); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

An appropriate Order will be entered.

Dated:  February 22, 2022

BY THE COURT

***/s/ Joy Flowers Conti***
JOY FLOWERS CONTI
UNITED STATES DISTRICT JUDGE

cc:     The Honorable Maureen P. Kelly
        United States Magistrate Judge

        Hubert Jackson
        AJ2373
        SCI-Somerset
        1590 Walters Mill Road
        Somerset, PA 15510-0001